**Leiby v. New Hampshire Insurance Company**

*Thomas J. Evans,* for plaintiff.
*Cleveland C. Hummel,* for defendant.

KREISHER, P. J., February 22, 1971.—The above-captioned action was instituted February 5, 1970, by the filing of a complaint in trespass wherein it is alleged, inter alia, that defendant company by refusing before trial to settle an accident claim against one of its insured automobile owners within the policy limits of \$10,000 became liable for a subsequent verdict of \$20,000.

The complaint was served upon the attorney who represented the insured motorist and on March 9, 1970, this same attorney accepted service of an order of court made pursuant to plaintiff's motion under Pa. R. C. P. 4009(1) requesting the production and inspection of certain documents in defendant's possession, including the insurance contract.

On September 14, 1970, defense counsel filed preliminary objections to the complaint and these objections are now before the court for disposition.

The first objection is based upon plaintiff's failure to comply with that portion of Pa. R. C. P. 1019(h),

which requires plaintiff to attach a copy of any writing to the complaint when the claim is predicated upon said writing. This provision is mandatory generally. However, where defendant has copies in his possession and is a party to the writing, the requirement may be waived for the reason for the rule is not present in such a case: Bloomsburg Mills, Inc. v. Sordoni Construction Co., 14 D. & C. 2d 551.

In this case, defendant issued the insurance policy, so it must have a copy, to a third party. Therefore, plaintiff not being a party to the writing has no copy available to attach and requiring him to do so would be an unnecessary and vain burden. Under these circumstances, plaintiff is excused from complying with the requirement: Welsch v. Morell, 36 D. & C. 2d 418.

The second objection relates to the caption wherein it is stated the action is "In Trespass." Defendant contends plaintiff's claim is based upon a contract and, therefore, the action is one "In Assumpsit."

Pa. R. C. P. 1020, as originally promulgated, left much to be desired in this regard and the courts have wrestled with this nomenclature difference in certain cases for years of waiving the tort and suing in assumpsit or vice versa.

On January 7, 1971, the Supreme Court of Pennsylvania amended Rule 1020 and this archaic controversy has now been buried and put to rest, at least to some extent, because under Pa. R. C. P. 1020(d)(1), as amended, all cases commenced after said date sounding in both trespass and assumpsit shall be joined and pleaded in one complaint. Under subdivision (d)(5), all pending actions shall be consolidated into one action and tried together pursuant to subdivision(d)(3) which states:

"No election of remedies between assumpsit and trespass shall be required at any time . . ."

Since this action was commenced before January 7, 1971, the amendment of subdivision (d)(1), providing for pleading separate counts, does not apply; therefore, we must decide this case in accordance with the prior law on the subject. This requires an examination of the claim as set forth in the complaint. Attached to the complaint is an assignment from the insured motorist to plaintiff of all rights which the insured might have against defendant company.

The theory of plaintiff's case is that defendant's refusal to settle plaintiff's case for the policy limits before trial subjected the insured to an unwarranted risk, and, as it resulted, the insured became liable for an additional $10,000.

Therefore, the actual basis for plaintiff's claim is not the insurance policy but rather defendant's faulty judgment and failure to use due care and caution under the circumstances for their policyholders. This alleged negligent conduct gave the policyholder right of action in trespass against defendant. This cause of action is assigned to plaintiff, so the present cause of action is likewise in trespass and the objection is without merit. Even if it were otherwise, this alleged fault has always been subject to amendment, which we deem unnecessary in this case.

The third objection relates to service upon counsel rather than being made in accordance with Pa. R. C. P. 2180, which provides for service upon corporate parties to an action.

The complaint states defendant is a foreign corporation with a registered office for doing business in Pennsylvania at 8045 West Chester Pike, Upper Darby, Pa. The said rule provides for deputized service upon an officer or agent of the corporation at its usual place of business or if unable to effect

such service, then service may be made upon the Secretary of the Commonwealth who is the legal agent for all out-of-State corporations.

It is likewise true when counsel was representing the motorist he was not counsel of record for defendant because defendant was not a party to the action. However, under its insurance contract, it agreed to help defend claims against the insured, so it is fair to assume counsel was employed by defendant rather than the insured.

It is difficult for the court to comprehend the bona fides of this objection, except for the purposes of harassment, delay and expense to plaintiff, since it would be a simple matter for deputized service to be made by our sheriff.

Furthermore, counsel accepted service of a subsequent pleading following service of the complaint, but prior to the filing of the objections. This inconsistency makes the objection appear most insincere. If counsel insists upon the complaint being served at the registered office in Upper Darby, Pa., then we believe plaintiff should be reimbursed for the costs involved in this vain procedure and will make an order accordingly.

The fourth objection states, in effect, that there are insufficient facts alleged in the complaint to give this court jurisdiction over defendant.

Pa. R. C. P. 2179(a)(3) and (4) provide:

"(a) . . . personal action against a corporation . . . may be brought in and only in: . . .

"(3) the county where the cause of action arose; or

"(4) the county where the transaction or occurrence took place out of which the cause of action arose."

The facts set forth in the complaint already mentioned above clearly, in our opinion, place the venue

of this action in our county under both of the subdivisions quoted, and this clearly gives this court jurisdiction over defendant company.

### ORDER

And now, to wit, February 22, 1971, it is ordered and decreed that the preliminary objections to plaintiff's complaint be and the same are hereby dismissed. Exception noted, and defendant is allowed 20 days from the date hereof to file additional pleadings if desired.